**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **TYLER CROXTON** | * | **CIVIL ACTION NO.** _____ |
|     **Plaintiff** | * | |
| | * | |
| **versus** | * | **JUDGE** _____ |
| | * | |
| **DEPUTY JERRY DON ROLLINS,** | * | |
| **MELISSA ROLLINS, AND MARK** | * | |
| **WOOD, SHERIFF OF RAPIDES PARISH** | * | |
|     **Defendants** | * | **MAGISTRATE JUDGE** _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**COMPLAINT**</u>

**NOW INTO COURT**, through undersigned counsel, comes TYLER CROXTON (hereinafter referred to as "Plaintiff" or "Croxton"), a domiciliary of Allen Parish, Louisiana, who files this Complaint, and in connection therewith he does aver as follows, to-wit:

**JURISDICTION**

1. This is an action seeking money damages and other relief for violations of the Fourth, and Fourteenth Amendments to the United States Constitution, together with Article 1, §§2, 4, and 5 of the Louisiana Constitution and other state law supplemental claims, seeking to redress violations by Defendants acting under color of state law, and to recompense Plaintiff for the deprivation of their rights, privileges and immunities guarantees by the foregoing constitutional citations. This action is further predicated on 42 U.S.C. § 1981, 1983, related federal statutes, and related and similar Louisiana state law statutes.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, this lawsuit being authorized by 42 U.S.C. § 1983.

3. Plaintiff also invokes this Court's supplemental jurisdiction in order to hear and adjudicate Plaintiff's claims arising under the laws of the State of Louisiana, pursuant to 28 U.S.C. §1367, including battery claims and resulting damages.

**VENUE**

4. Pursuant to 28 U.S.C. §1391, venue lies in the Western District of Louisiana because Plaintiff's principal residence is in Allen Parish, Louisiana. Further, Defendants are believed to reside in or are located in Rapides Parish, Louisiana, and at the times pertinent to this proceeding, worked in Rapides Parish, Louisiana. Further, all of the events giving rise to this action occurred in Rapides Parish, Louisiana. All of the foregoing locations are within the jurisdiction of the Western District of Louisiana, Alexandria Division.

**PARTIES**

5. Made defendants herein are:

(A) Jerry Don Rollins (Rollins"), an individual domiciled, on information and belief, in Rapides Parish, Louisiana, who, at the time of the events giving rise to this action, was a duly authorized and commissioned officer or agent of the Rapides Parish Sheriff's Department but whose Badge number is currently unknown;

(B) Melissa Rollins, ("Melissa"), an individual domiciled, on information and belief, in

        Rapides Parish, Louisiana, who, at the time of the events giving rise to this action, was a duly authorized and commissioned deputy or agent of the Rapides Parish Sheriff's Office, but whose Badge number is currently unknown;

(C) Mark Wood ("Wood"), the duly elected Sheriff of Rapides Parish, a person domiciled in Rapides Parish, Louisiana, who may be served with process at 701 Murray Street, Alexandria, Louisiana 71301, and is the person who exercises his power and authority within Rapides Parish, Louisiana, and employs Rollins and Melissa; and

(D) Officer Kaitlyn Adams, a person of the full age of majority who is believed to be domiciled in Rapides Parish, Louisiana, and who works for the Glenmora Police Department as a commissioned officer.

6. The defendants are sued in their individual and official capacities;

7. At all times pertinent to this action, the Defendants acted under color of state law.

## FACTS

8. Plaintiff re-alleges and re-asserts the allegations of paragraphs 1-7 above, in all their parts and particulars.

9. On or about May 13, 2023, Plaintiff was traveling to the Ray Gordon home in just outside the Glenmora town limits for the purpose of picking up his cousin, Payton Croxton. The Gordon home is located at 573 La. Hwy. 113, Glenmora, Louisiana 71433.

10. After he arrived, Plaintiff observed a person in a white Ford F-250 arrive and sit at the edge of the road. Subsequently, two Glenmora police officers arrived at the property.

11. Once the Glenmora police officers arrived, the person in the truck approached Plaintiff asking Plaintiff if he had been driving the car on the way to the house. That person was Rollins.

12. Croxton told Rollins that he had been driving the vehicle in question.

13. Rollins identified himself as a Rapides Parish Sheriff's deputy, and began screaming at Croxton about speeding. Rollins handcuffed Croxton and told Croxton that he was going to jail.

14. Rollins then proceeded to walk Croxton to the police car while calling him names and screaming at Croxton.

15. Croxton requested a lawyer.

16. Rollins then took the following actions:[1]

    (a) Rollins grabbed Croxton by the throat;

    (b) Rollins punched Croxton in the face;

    (c) Rollins kicked Croxton's feet out from under him, and slammed him onto the ground;

    (d) Rollins put his foot on Croxton's head while Croxton was on the ground, grinding

---

[1] The actions enumerated are not necessarily in the direct order that they occurred.

        his head into the ground;

    (e)    Rollins picked Croxton up by the handcuffs, and then slammed him on the ground again;

    (f)    Rollins hit Croxton and drug him on the ground.

17. During the beating, a bystander from the home Croxton was visiting began filming the event on his cell phone. Rollins noticed the filming, became enraged, and attacked the bystander, ripping the camera from his had to stop the filming.

18. Due to the unprovoked and unreasonable beating meted out by Rollins, Croxton suffered abrasions on his shoulder, abrasions on his neck, bruising and foot marks on the back of his neck, scrapes and abrasions on his right knee, and head and cheek injuries.

19. Realizing that the matter had gotten out of hand, Rollins had summonses issued to Croxton for various matters, rather than take Croxton to jail. When the summonses were written, Rollins told Croxton he was doing him a favor and asked Croxton not to sue him.

20. Traveling with Rollins was Melissa, Rollins' spouse. At all time pertinent hereto, Melissa was a sworn deputy sheriff working for the Rapides Parish Sheriff's office.

21. At not point in time did Melissa intervene or attempt to stop Plaintiff was unable to effectively protect himself because he was at all times in handcuffs. In fact, on information and belief, Melissa simply stood by and filmed the entire event on her cell phone.

22. On information and belief, Officer Adams (the Glenmora police officer at the scene) was

      called to the scene by Rollins. On information and belief, the residence where Croxton was located was outside the jurisdiction of the Glenmora Police Department. Absent a working agreement between the Sheriff of Rapides Parish, Louisiana and the Glenmora Police Department, Croxton alleges that the officer was outside of her jurisdiction and acting without proper authority.

23. Officer Adams formed security for Rollins as he beat Croxton, and she never intervened to stop Rollins from attacking and beating Croxton. Likewise, she never intervened to stop the attack on the bystander filming the events.

24. Wood is the Sheriff of Rapides Parish, Louisiana. He is responsible for the hiring of employees, training, supervision, and discipline of his officers. On information and belief, Wood has filed to properly investigate, train and/or supervise its employees in the permissible use of force, actions in off duty situations, and has failed to take any kind of corrective measures for violations of the use of force policies by officers, on duty or off. Wood has effectively sanctioned excessive force by failing to take corrective measures in excessive force situations and to train and re-train officers when excessive use of force issues arise. On information and belief, Wood has not taken any action whatsoever, disciplinary or otherwise, with regard to the actions of Rollins and Melissa, and his office has a pattern and practice of covering up incidents where these deputies are involved, in order to protect the deputies involved and to protect the office. By failing to re-train, discipline, terminate,

or take other action, Wood has adopted the actions of Rollins and Melissa as the policy and procedures of the Rapides Parish Sheriff's office.

## VIOLATIONS OF LAW

25. Croxton re-alleges Paragraphs 1-24 above.

26. As a direct and proximate result of the Defendants' actions in abusing Croxton, Croxton suffered multiple abrasions, contusions, bruising, bleeding, and scarring.

27. As a direct and proximate result of the actions of Defendants, Plaintiff was deprived of the rights, privileges, and immunities guaranteed to him under the Fourth and Fourteenth Amendments of the United States Constitution, in particular, the right to be free from unreasonable searches and seizures, the right to be free from the use of excessive force, the right to due process of law, the right to be free from punishment without due process of law, and the right to be secure in his person and property against unreasonable searches and seizure. Under color of law, Plaintiff was assaulted, battered and beaten, without cause or provocation. The force used by the Rapides Parish Sheriff's deputies/officers was constitutionally excessive.

28. The actions of Defendants deprived Croxton of these rights in violation of 42 U.S.C. §1983. The officer or officers not directly involved in the beating of Plaintiff were present, and they had a duty to stop the unlawful actions of their errant brother. In reckless disregard for the rights of Plaintiff, those officers failed to intervene and stop the beating of Plaintiff. Rollins,

Melissa, Officer Adams, and Wood, are liable jointly, severally, and in solido.

29. All of the actions of Defendants occurred while under color of state law. Plaintiff is entitled to damages and other relief pursuant to the authority of 42 U.S.C. §1981, 1983, and related statutes.

30. Plaintiff continues to suffer from the injuries received, and from the mental anguish, trauma, and emotional stress of the events described in this Complaint.

31. Plaintiff requests compensatory and punitive damages in an amount sufficient to compensate him for his damages, and in an amount sufficient to hold the defendants responsible for their improper actions taken under color of law and sufficient to deter future such actions. Plaintiff seeks a minimum of $500,000.00.

## SUPPLEMENTAL STATE CLAIMS

32. Plaintiff re-alleges and re-asserts paragraphs 1-31 above in all their parts and particulars.

33. The acts described herein are unlawful under the laws of the State of Louisiana, in that they constitute assault and battery, and a violation of Plaintiff's rights under the Louisiana Constitution of 1974, as amended, to be secure in his person and property, to be afforded due process, and to be free from cruel and unusual punishment. Plaintiff's state law claims include claims of respondeat superior for the employer of the officers involved, Wood, in his official capacity as the Rapides Parish Sheriff.

34. Plaintiff claims compensatory damages and such other damages as allowed by law, in an

amount reasonable in the premises for these state law violations, together with any other relief provided by law.

## MISCELLANEOUS PROVISIONS

35. Plaintiff re-alleges and re-asserts the allegations of paragraphs 1-34 above, in all their parts and particulars.

36. As a result of the unlawful acts of Defendants, Plaintiff has suffered physical injury, pain and suffering, mental anguish, embarrassment, and humiliation. Plaintiff is entitled to an award of damages, as well as punitive damages.

37. Plaintiff is entitled to an award of attorneys fees under both federal and state applicable statutes, and all costs of this proceeding.

38. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays that :

1. Defendants be cited to appear and answer this complaint within the time delays as provided by law;

2. That after due proceedings had, there be a judgement here in favor of Plaintiff against Defendants, jointly, severally, and in solido, in a reasonable amount under the premises, for all claims set forth herein, together with interest from the date of judicial demand until paid, all costs of these proceedings, and punitive damages in an amount to be determined by the trier of fact, and attorneys fees;

3.      For a trial by jury on all matters;

4.      For all orders and decrees necessary;

5.      For full, general, and equitable relief as may be appropriate in the premises.

                Respectfully submitted,

                ALAN PESNELL LAWYER LLC

                By: __/s/ *W. Alan Pesnell*_____
                      W. Alan Pesnell
                      Louisiana Bar Roll No.  23249
                      720 Murray Street
                      Alexandria, Louisiana 71301
                      Telephone:  (318) 704-0979
                      Telecopy:  (318) 625-0603
                      wapesnellatty@gmail.com

                - -     Counsel for Plaintiff, Tyler Croxton

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **TYLER CROXTON** | * | CIVIL ACTION NO. _____ |
|     Plaintiff | * | |
| | * | |
| versus | * | JUDGE _____ |
| | * | |
| **DEPUTY JERRY DON ROLLINS,** | * | |
| **MELISSA ROLLINS, AND MARK** | * | |
| **WOOD, SHERIFF OF RAPIDES PARISH** | * | |
|     Defendants | * | MAGISTRATE JUDGE _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# **VERIFICATION**

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified, personally came and appeared, **TYLER CROXTON**, Petitioner in the foregoing Complaint, who, after being duly sworn did depose and state that she has read the Complaint, and all allegations of fact contained therein are true and correct to the best of her knowledge, information and belief.

                                                     /s/ *Tyler Croxton*
                                                **TYLER CROXTON**

SWORN TO AND SUBSCRIBED, before me this the 22nd day of July 2023, Parish of Rapides, State of Louisiana.

                                  /s/ *William Alan Pesnell*
                           William Alan Pesnell, Notary Public
                               Bar Roll Number: 23249